F.T. Alexandra Mahaney, State Bar No. 125984
Jeffrey W. Guise, State Bar No. 164203
Matthew J. Bresnahan, State Bar No. 252127
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
12235 El Camino Real, Suite 200
San Diego, CA 92130
Telephone: (858) 350-2300
Facsimile: (858) 350-2399
Emails: amahaney@wsgr.com;
jguise@wsgr.com; mbresnahan@wsgr.com

Attorneys for Defendant/Counterclaimaint Plaintiff INOGEN, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEQUAL TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>INOGEN, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. 10CV0410 H (JMA)<br><br>**INOGEN, INC.'S ANSWER AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY**<br><br>**ROOM:** 13<br>**JUDGE:** Hon. Marilyn L. Huff |
| INOGEN, INC., a Delaware corporation,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>SEQUAL TECHNOLOGIES, INC., a Delaware corporation,<br><br>Counterclaim Defendant. | |

Defendant Inogen, Inc. ("Inogen"), by counsel, replies to Plaintiff SeQual Technologies, Inc.'s ("SeQual") Complaint as follows:

## ANSWER

1. In response to paragraph 1, Inogen is without sufficient information or knowledge as to the truth or falsity of such allegations and therefore denies such allegation.

2. In response to paragraph 2, Inogen admits the allegations of this paragraph.

3. In response to paragraph 3, Inogen admits that the complaint purports to be a civil action for patent infringement. Except as specifically admitted, Inogen denies the allegations of this paragraph.

4. In response to paragraph 4, Inogen denies the allegations of this paragraph.

5. In response to paragraph 5, Inogen incorporates by reference its response to "all allegations in this Complaint."

6. In response to paragraph 6, Inogen admits that United States Patent Number 5,593,478 (the "'478 Patent") is titled "Fluid Fractionator" and issued on January 14, 1997. Except as specifically admitted, Inogen denies the allegations of this paragraph.

7. In response to paragraph 7, Inogen denies the allegations of this paragraph.

8. In response to paragraph 8, Inogen admits that it has announced a new product called the Inogen One G2 Portable Oxygen Concentrator. Except as specifically admitted, Inogen denies the allegations of this paragraph.

9. In response to paragraphs 9 through 11, Inogen denies the allegations of this paragraph.

10. In response to paragraph 12, Inogen incorporates by reference its response to "all allegations in this Complaint."

11. In response to paragraph 13, Inogen admits that United States Patent Number 6,730,778 (the "'778 Patent") is titled "Fluid Fractionator" and issued on March 24, 1998. Except as specifically admitted, Inogen denies the allegations of this paragraph.

12. In response to paragraph 14, Inogen denies to the allegations of this paragraph.

///

13. In response to paragraph 15, Inogen admits that it has announced a new product called the Inogen One G2 Portable Oxygen Concentrator. Except as specifically admitted, Inogen denies the allegations of this paragraph.

14. In response to paragraphs 16 through 18, Inogen denies the allegations of this paragraph.

15. In response to paragraph 19, Inogen incorporates by reference its response to "all allegations in this Complaint."

16. In response to paragraph 20, Inogen admits that United States Patent Number 6,691,702 (the "'702 Patent") is titled "Portable Oxygen Concentration System and Method of Using the Same" and issued on February 17, 2004. Except as specifically admitted, Inogen denies the allegations of this paragraph.

17. In response to paragraph 21, Inogen denies to the allegations of this paragraph.

18. In response to paragraph 22, Inogen admits that it has announced a new product called the Inogen One G2 Portable Oxygen Concentrator. Except as specifically admitted, Inogen denies the allegations of this paragraph.

19. In response to paragraphs 23 through 25, Inogen denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

Further responding to the Complaint, Inogen alleges as follows:

### AFFIRMATIVE DEFENSE NO. 1

**(Failure to state a claim)**

1. The allegations of the Complaint fail to state a claim against Inogen upon which relief can be granted.

### AFFIRMATIVE DEFENSE NO. 2

**(No infringement)**

2. Inogen has not infringed, and is not infringing, any valid and enforceable claim of the asserted patents.

///

### AFFIRMATIVE DEFENSE NO. 3

### (No Willful infringement)

3. Inogen has not willfully infringed, and is not willfully infringing, any valid and enforceable claim of the asserted patents.

### AFFIRMATIVE DEFENSE NO. 4

### (Invalidity of Patents)

4. The '478, '778, and '702 Patents are invalid for failure to comply with one or more provisions of the Patent Laws of the United States, Title 35, United States Code, Sections 101 et seq., including without limitation Sections 102, 103, and/or 112.

### AFFIRMATIVE DEFENSE NO. 5

### (Prosecution History Estoppel)

5. SeQual is estopped, based on statements, representations, and admissions made during prosecution of the patent applications resulting in the '478, '778, and '702 Patents, from asserting interpretations of the claims of the '478, '778, and '702 Patents that would be broad enough to cover any of the accused products.

### AFFIRMATIVE DEFENSE NO. 6

### (35 U.S.C. Section 287)

6. Plaintiff's claims are barred by 35 U.S.C. Section 287 to the extent they include conduct occurring more than six years prior to the institution of this suit.

### AFFIRMATIVE DEFENSE NO. 7

### (Estoppel)

7. SeQual, by its conduct, are legally and/or equitably estopped to assert their claims, or other rights against Inogen. SeQual, through its conduct, has led Inogen to reasonably infer that SeQual did not intend to enforce the patents-in-suit against Inogen.

### AFFIRMATIVE DEFENSE NO. 8

### (Waiver)

8. SeQual, by its conduct, has waived its claims, and other rights against Inogen.

///

## AFFIRMATIVE DEFENSE NO. 9
### (Laches)

9. SeQual's claims are barred by the doctrine of laches. SeQual has neglected or delayed in bringing suit to remedy the wrongs alleged in its Complaint, which taken together with the lapse of time and SeQual's conduct, causes prejudice to Inogen and operates as an equitable bar.

## AFFIRMATIVE DEFENSE NO. 10
### (Unclean hands)

10. SeQual's claims are barred by the doctrine of unclean hands.

## AFFIRMATIVE DEFENSE NO. 11
### (Lack of standing)

11. SeQual lacks standing to maintain its claims against Inogen.

## AFFIRMATIVE DEFENSE NO. 12
### (Failure to name necessary and indispensable party)

12. SeQual has failed to name Teijin Limited, the co-owner of all three patents-in-suit. As a co-owner, Teijin is a necessary and indispensable party without whom this action cannot proceed.

## AFFIRMATIVE DEFENSE NO. 13
### (Lack of subject matter jurisdiction)

13. This court lacks subject matter jurisdiction over this case because all owners of the patents-in-suit are not parties to this case.

## AFFIRMATIVE DEFENSE NO. 14
### (Adequacy of remedy at law)

14. SeQual has an adequate remedy at law, and no basis exists for the grant of equitable relief.

///

///

///

## AFFIRMATIVE DEFENSE NO. 15
## (35 U.S.C. § 132)

15. Each of claims 26-34 of the '702 Patent, if asserted, will violate 35 U.S.C. § 132 which prohibits adding new matter during prosecution by way of an amendment.

## AFFIRMATIVE DEFENSE NO. 16
### (Inequitable Conduct with Respect to the '778 patent)

16. The '778 Patent is unenforceable due to the inequitable conduct of the applicants. Facts showing this inequitable conduct include the following:

a) SeQual filed Appl. No. 08/314,213 ("the '213 application") on September 28, 1994 which issued as the '478 patent on January 14, 1997.

b) On November 1, 1995, the United States Patent and Trademark Office ("the USPTO") cited U.S. Pat. No. 5,268,021 ("the '021 patent") as prior art during prosecution of the '213 application.

c) SeQual filed Appl. No. 08/734,203 ("the '203 application") that led to the '778 patent on October 21, 1996 as a divisional application of the '213 application, and thus it was filed after the USPTO brought the '021 patent to the attention of SeQual as material prior art.

d) The '478 and '778 patents were filed and prosecuted by attorney Ellsworth R. Roston of the law firm of Fulwider Patton Lee & Utecht, LLP.

e) The '478 and '778 patents name the same inventors, *i.e.*, Charles C. Hill and Theodore B. Hill.

f) SeQual admitted in the '778 patent specification that it owned the '021 patent at the time of filing the '778 patent. *See, e.g.*, col 5, ll. 44-48("[t]he apparatus described above is disclosed and claimed in U.S. Pat. No. 5,268,021 issued on Dec. 7, 1993, to Charles C. Hill and Theodore B. Hill for a "Fluid Fractionator" and assigned of record to the assignee of record of this application.")

g) SeQual admitted in the '778 patent specification that the '021 patent is material prior art. *See, e.g.*, col 3, ll. 42-57 ("FIGS. 1-9 illustrate an oxygen-concentrating

1  system, generally indicated at 10, which may be used in this invention and which is disclosed in
2  the *prior art in U.S. Pat. No. 5,268,021* issued to Charles C. Hill and Theodore B. Hill on Dec. 9,
3  1993, for an "Improved Fluid Fractionator" and assigned of record to the assignee of record of
4  this application. The embodiment shown in FIGS. 1-9 of this application corresponds to the
5  embodiment shown in FIGS. 1-9 of U.S. Pat. No. 5,268,021. *In the prior art system shown in*
6  *FIGS. 1-9* air is drawn from the atmosphere through an air inlet 6 into a dust filter 11 which
7  removes dust from the air. The air is then compressed in a compressor 13 and the compressed air
8  is introduced through a conduit 14 into a heat exchanger 15 which removes some of the heat
9  produced during the compression. A fan 12 may be driven by the compressor 13 to remove heat
10 from the heat exchanger 15.") (Emphases added).

        h)       The applicants failed to bring to the attention of the USPTO the full disclosure of the '021 patent, including for example Figures 10-17 (disclosing material aspects of the SeQual's rotary valve that formed the basis of the alleged invention of the '778 patent) and other material portions of the specification.

        i)       During the revocation proceedings of the European counterpart patent to the '478 and '778 patents, *i.e.*, EP 0954367, on July 12, 2007 SeQual admitted that the '021 patent is the closest prior art: "[d]espite the surprise in the oral proceedings, starting from D9 [US 5,268,021] as *the closest prior art* makes sense since it was the patentee's own prior art, namely a non-adjustable rotary valve oxygen concentrator for home use." (Emphasis added).

        j)       After the original and broader EP patent was revoked as obvious to a person of ordinary skill in the art in view of the '021 patent as the primary reference, SeQual amended the EP patent to narrow the claims to explicitly require a "Home Size Oxygen Concentrator," *i.e.*, a non-portable device, that contains a "rotary valve assembly."

        k)       On information and belief, Attorney Ellsworth R. Roston, Charles C. Hill, Theodore B. Hill, and/or others with a continuing duty to disclose material information to the patent office failed to disclose the '021 patent in its entirety and mischaracterized the materiality of the '021 patent with an intent to deceive the USPTO during the pendency of the '203 application.

l)  Had the USPTO fully considered the '021 patent for all that it teaches (including aspects of the rotary valve described in the specification and figures of the '021 patent that were not before the USPTO), the USPTO would not have allowed the '778 patent with a claim that is not limited to at least a "home size concentrator" and "rotary valve assembly."

m)  Failure to provide material information to the USPTO in order to intentionally deceive the USPTO so that the USPTO would unwittingly grant SeQual the '778 patent with a claim that is not limited to at least a "home size concentrator" and "rotary valve" constitutes inequitable conduct rendering all claims of the '778 patent unenforceable.

## AFFIRMATIVE DEFENSE NO. 17

### (Inequitable Conduct with respect to the '702 patent)

17.  The '702 Patent is unenforceable due to the inequitable conduct of the applicants. Facts showing this inequitable conduct include the following:

a)  Appl. No. 10/134,868 ("the '868 application") filed April 29, 2002 issued as the '702 patent.

b)  The '702 patent was filed and prosecuted by attorney Stephen C. Beuerle of the law firm of Procopio, Cory, Hargreaves & Savitch, LLP.

c)  According to the face of the '702 patent, it names the following inventors: Appel; William Scot (San Diego, CA), Winter; David Phillip (Encinitas, CA), Sward; Brian Kenneth (San Diego, CA), Sugano; Masato (Tokyo, JP), Salter; Edmund (Oceanside, CA), and Bixby; James A. (La Jolla, CA).

d)  According to the face of the '702 patent, it names SeQual Technologies, Inc. (San Diego, CA) and Teijin Limited (Osaka, JP) as assignees.

e)  During prosecution of the '868 application, the USPTO rejected claims 27-35 (that issued as claims 26 – 34 of the '702 patent) under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claim 73 of pending Appl. No. 10/105, 657 ('the '657 application) filed on February 18, 2000 (and issued as U.S. Pat. No. 6,629,525).

f) In response to the double patenting rejections, the applicants filed a terminal disclaimer that stated, in pertinent part, "[t]he assignees, SeQual Technologies, Inc. and Teijin Limited, each owning 50% of the entire interest in the captioned application by virtue of an assignment recorded at REEL/FRAME 013119/0166 on July 19, 2002 and the enclosed assignment, hereby disclaim, except as provided herein, the terminal part of the statutory term of any patent granted on the captioned application that would extend beyond the expiration date of the full statutory term...of U.S. Patent Application No. 10/105,657."

g) Under the false impression that a valid terminal disclaimer had been filed by the applicants, the USPTO caused claims 26 -34 to issue in the '702 patent.

h) However, the USPTO will only permit a terminal disclaimer to obviate an obviousness-type double patenting rejection when "the subject matter of the reference and the claimed invention were commonly owned *at the time the invention was made...*" See Manual of Patent Examination and Procedure § 804.02 (emphasis added).

i) According to the assignment that was submitted by the applicants with the terminal disclaimer during prosecution, Teijin did not acquire any ownership interest in the '657 application (or the '525 patent) until July 16, 2003, *at the earliest*.

j) Thus, the '657 application that formed the basis of the obviousness-type double patenting rejection was not commonly owned by SeQual and Teijin as of the filing date of the '868 application on April 29, 2002, *i.e.*, at the time the alleged invention of the '702 patent was made.

k) Had the USPTO known that the '657 application was not co-owned by SeQual and Teijin as of April 29, 2002, the USPTO would not have allowed claims 26 – 34 of the '702 patent to issue.

l) On information and belief, attorney Stephen C. Beuerle, the named inventors of the '702 patent, and/or others with a continuing duty to disclose material information to the patent office intended to deceive the USPTO by failing to bring to the attention of the USPTO the material fact that '657 application was not owned by SeQual and Teijin as of the filing date of the '868 application.

m) Failure to provide material information to the USPTO in order to intentionally deceive the USPTO so that the USPTO would unwittingly issue claims 26 - 34 of the '702 patent constitutes inequitable conduct rendering all claims of the '702 patent unenforceable.

### AFFIRMATIVE DEFENSE NO. 18

**(Obviousness-Type Double Patenting)**

18. The '478, '778, and '702 patents are invalid for obviousness-type double patenting in view of a different patent including but not limited to the '021 patent and/or U.S. Pat. No. 4,925,464, No. 6,651,658, and/or No. 6,692,525.

### AFFIRMATIVE DEFENSE NO. 19

**(35 U.S.C. § 271(e)(1))**

19. Inogen has not infringed the '478, '778, or '702 patents in connection with uses of the Inogen One and Inogen One G2 for any uses reasonably related to the development and submission of information to the Food and Drug Administration.

### AFFIRMATIVE DEFENSE NO. 20

**(Other Unknown Affirmative Defenses)**

20. Inogen presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated affirmative defense available. Inogen reserves the right to assert additional defenses in the event that discovery indicates that such defenses would be appropriate.

### COUNTERCLAIMS

In accordance with Rule 13 of the Federal Rules of Civil Procedure, Inogen brings these counterclaims against Plaintiff: These counterclaims seek a declaration of non-infringement, unenforceability, and/or invalidity of U.S. Patent Nos. 5,593,478, ('478 Patent), 5,730,778 ('778 Patent), and 6,691,702 ('702 Patent) (collectively, "Patents-In-Suit").

## PARTIES

1. Counterclaimant Inogen is a corporation organized and existing under the laws of the State of the State of Delaware with its principal place of business located at 326 Bollay Drive, Goleta, California.

2. Counterdefendant SeQual Technologies is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 11436 Sorrento Valley Road, San Diego, California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. Sections 1331, 1338(a), 2201 and 2202.

4. Venue is proper in this district because these claims are being brought as compulsory counterclaims under Fed. R. Civ. P. 13(a) and under 28 U.S.C. Sections 1391 and/or 1400 because the claims at issue herein involve federal questions of patent law and counterclaimant is subject to personal jurisdiction in this district.

5. SeQual has sufficient minimum contacts with the forum to satisfy traditional notions of fair play and substantial justice, particularly having availed themselves of the benefits of the forum's court system for the subject matter underlying the counterclaims.

## GENERAL ALLEGATIONS

6. Inogen repeats and alleges all of the preceding paragraphs above, including its affirmative defenses, as if fully set forth herein. :

## FIRST COUNTERCLAIM

### (Declaration of Non-Infringement, Invalidity and Unenforceability of the '478 Patent)

7. Inogen incorporates the above paragraphs as if set forth fully herein.

8. Counterdefendant SeQual filed a Complaint in this Court alleging Inogen is infringing one or more claims of the '478 Patent.

9. Inogen denies that it infringes, has infringed or will infringe any valid and enforceable claim of the '478 Patent. Inogen asserts that the claims of the '478 Patent are invalid

under one or more provisions of the Patent Laws, including, without limitation, 35 U.S.C. Sections 101, 102, 103, and/or 112. Inogen further asserts that the '478 Patent is unenforceable against Inogen for the reasons stated above in the Affirmative Defenses, including but not limited to estoppel, waiver, laches and unclean hands.

10. Based on the foregoing, there is an actual, immediate, and justiciable controversy between Counterclaimant Inogen and Counterdefendant SeQual regarding the validity, infringement and enforceability of the '478 Patent.

11. Counterclaimant Inogen seeks entry of a declaratory judgment that its activities and products have not resulted in infringement of any valid and enforceable claim of the '478 Patent, that the '478 Patent is invalid under one or more provisions of the Patent Laws, including, without limitation, 35 U.S.C. Sections 101, 102, 103, and/or 112, and/or that the '478 Patent is not enforceable against Inogen for the reasons stated above.

## SECOND COUNTERCLAIM

### (Declaration of Non-Infringement, Invalidity and Unenforceability of the '778 Patent)

12. Inogen incorporates the above paragraphs as if set forth fully herein.

13. Counterdefendant SeQual filed a Complaint in this Court alleging Inogen is infringing one or more claims of the '778 Patent.

14. Inogen denies that it has infringed, infringes or will infringe any valid and enforceable claim of the '778 Patent. Inogen asserts that the claims of the '778 Patent are invalid under one or more provisions of the Patent Laws, including, without limitation, 35 U.S.C. Sections 101, 102, 103, and/or 112. Inogen further asserts that the '778 Patent is unenforceable due the applicant's inequitable conduct during prosecution. Inogen further asserts that the '778 Patent is unenforceable against Inogen for the reasons stated above in the Affirmative Defenses, including but not limited to estoppel, waiver, laches and unclean hands.

15. Based on the foregoing, there is an actual, immediate, and justiciable controversy between Counterclaimant Inogen and Counterdefendant SeQual regarding the validity, enforceability, and infringement of the '778 Patent.

16. Counterclaimant Inogen seeks entry of a declaratory judgment that its activities and products have not resulted in infringement of any valid and enforceable claim of the '778 Patent, that the '778 Patent is invalid under one or more provisions of the Patent Laws, including, without limitation, 35 U.S.C. Sections 101, 102, 103, and/or 112, that the '778 Patent is unenforceable due to the inequitable conduct of applicants in prosecuting such application, and/or that the '778 patent is unenforceable against Inogen for the reasons stated above.

## THIRD COUNTERCLAIM

**(Declaration of Non-Infringement, Invalidity and**

**Unenforceability of the '702 Patent)**

17. Inogen incorporates the above paragraphs as if set forth fully herein.

18. Counterdefendant SeQual filed a Complaint in this Court alleging Inogen is infringing one or more claims of the '702 Patent.

19. Inogen denies that it has infringed, infringes or will infringe any valid and enforceable claim of the '702 Patent. Inogen asserts that the claims of the '702 Patent are invalid under one or more provisions of the Patent Laws, including, without limitation, 35 U.S.C. Sections 101, 102, 103, and/or 112. Inogen further asserts that the '702 Patent is unenforceable due the applicant's inequitable conduct during prosecution. Inogen further asserts that the '702 Patent is unenforceable against Inogen for the reasons stated above in the Affirmative Defenses, including but not limited to estoppel, waiver, laches and unclean hands.

20. Based on the foregoing, there is an actual, immediate, and justiciable controversy between Counterclaimant Inogen and Counterdefendant SeQual regarding the validity, infringement and enforceability of the '702 Patent.

21. Therefore, counterclaimant Inogen seeks entry of a declaratory judgment that its activities and products have not resulted in infringement of any valid and enforceable claim of the '702 Patent, that the '702 Patent is invalid under one or more provisions of the Patent Laws, including, without limitation, 35 U.S.C. Sections 101, 102, 103, and/or 112, that the '778 Patent is unenforceable due to the inequitable conduct of applicants in prosecuting such application, and/or that the '702 patent is unenforceable against Inogen for the reasons stated above.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant and Counterclaimant Inogen prays for relief as follows:

1. An Order dismissing the Complaint, and each claim therein, with prejudice;

2. The entry of a Declaratory Judgment that Inogen does not infringe any of the claims of the '478 Patent, the '778 Patent and the '702 Patent.

3. The entry of a Declaratory Judgment that the claims of the '478 Patent, the '778 Patent and the '702 Patent are invalid;

4. The entry of a Declaratory Judgment that the '778 Patent and the '702 Patent are unenforceable due to the inequitable conduct of the applicants during prosecution;

5. The entry of a Declaratory Judgment that the '478 Patent, '778 Patent and the '702 Patent are unenforceable against Inogen;

6. A finding that this case is an exceptional case and awarding Inogen its reasonable attorneys fees pursuant to 35 U.S.C. § 285;

7. An award to Inogen of its costs and expenses in defending against the Complaint in this action, and in prosecuting its CounterClaim.

8. For all other and further relief deemed just and proper by the Court.

**DEMAND FOR JURY**

Inogen, Inc. demands a trial by jury on all issues triable as a matter of right and law.

Dated: March 29, 2010

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By: /s/Matthew J. Bresnahan
Matthew J. Bresnahan
mbresnahan@wsgr.com

Attorneys for Defendant/Counterclaim
Plaintiff INOGEN, INC.

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | On March 29, 2010, I electronically filed the foregoing with the Clerk of the |
| 3 | Court using the CM/ECF system which will send notification of such filing to the |
| 4 | following: |

| | | |
|---|---|---|
| 5 | | |
| 6 | Andrew D. Skale (SBN 211096)<br>askale@mintz.com | Attorneys for Plaintiff<br>SEQUAL TECHNOLOGIES, INC |
| 7 | Matthew C. Bernstein (SBN, 199240)<br>mbernstein@mintz.com | |
| 8 | Ben L. Wagner (SBN 243594)<br>bwagner@mintz.com | |
| 9 | MINTZ LEVIN COHN FERRIS<br>GLOVSKY AND POPEO PC | |
| 10 | 3580 Carmel Mountain Rd., Suite 300<br>San Diego, CA 92130 | |
| 11 | Telephone: (858) 314-1500<br>Facsimile: (858) 314-1501 | |
| 12 | | |
| 13 | | /s/Matthew J. Bresnahan<br>Matthew J. Bresnahan |
| 14 | | mbresnahan@wsgr.com |

-1-

10CV0410 H (JMA)
3904561_3.DOC